IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREAT LAKES INSURANCE SE,<br><br>        Plaintiff,<br><br>vs.<br><br>NORTH AMERICAN ELITE INSURANCE COMPANY,<br><br>        Defendant,<br><br>ERIE INSURANCE,<br><br>        Defendant,<br><br>INTERPARK HOLDINGS LLC,<br><br>        Defendant,<br><br>and<br><br>JOSHUA LOGAN, d/b/a LOGAN CONTRACTING<br><br>        Defendant. | Civil Action No.: 1:22-cv-134 |

**FIRST AMENDED CIVIL ACTION COMPLAINT
FOR DECLARATORY JUDGMENT**

I. **PARTIES**

1.  Plaintiff Great Lakes Insurance SE ("Great Lakes") is an eligible surplus lines insurer issuing policies in the Western District of Pennsylvania through a surplus lines licensee, with a principal place of business at Koeniginstrasse 107, Muenchen, 80802 Germany.

2.  Defendant North American Elite Insurance Company ("North American Elite") is an insurer organized under the laws of the State of Illinois, with a principal place of business at 1301 Avenue of the Americas, New York, NY 10019, and is authorized to issue policies within the Commonwealth of Pennsylvania.

3.  Defendant Erie Insurance is an insurer organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 100 Erie Insurance Place Erie PA 16530, and is authorized to issue policies within the Commonwealth of Pennsylvania.

4.  Defendant Interpark Holdings LLC ("Interpark") is a Limited Liability Corporation with a principal place of business at 200 N. LaSalle St.., Suite 400, Chicago, IL 60601.

5.  Defendant Joshua Logan, d/b/a Logan Contracting ("Logan") is an individual licensed to do business in the Commonwealth of Pennsylvania, with a principal place of business at 118 Hi Way Supply Road, Dunbar, PA 15431.

**II.     JURISDICTION AND VENUE**

6.  Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship under 28 U.S.C. § 1332.

7.  The amount in controversy in this action is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of costs and fees.

8.  Venue is proper in this District under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

### III.     FACTUAL ALLEGATIONS

9.     The matters alleged in this action for declaratory judgment constitute a case or controversy within the meaning of Article III of the United States Constitution, in that the facts alleged demonstrate there is a substantial controversy between parties, with adverse legal interests, of such immediacy and existence so as to warrant a declaratory judgment.

10.     Plaintiff Great Lakes seeks a declaration of rights and obligations of the interested parties under 28 U.S.C. § 2201, with regard to insurance coverage for damage to property on or around May 18, 2020 at 625 Stanwix Street, Pittsburgh, PA 15106 (the "Subject Property").

### North American Elite Complaint

11.     North American Elite filed a civil action in the Court of Common Pleas, Allegheny County captioned *North American Elite Insurance Co. a/s/o Interpark Holdings, LLC and Interpark Holdings, LLC v. Ava's Handymen, LLC and Andrew Lapinski d/b/a Lapinski Construction and Joshua Logan d/b/a Logan Contracting*, seeking recovery of amounts paid under a contract of insurance issued to North American Elite's insured Interpark Holdings, LLC, in the amount of $238,588.37 (the "North American Elite Action").

12.     The complaint in the North American Elite Action alleges that the Subject Property was operated as a self-park parking garage, and further states the following factual allegations:

        a.     The Subject Property consists of a basement level, entry level, nine (9) parking levels, and four additional levels over and above the parking floors, levels 11-14.  (Para. 9)

        b.     During the relevant time period, floors 11 and 12 were unoccupied commercial spaces.  (Para. 10)

c. The Subject Property contains three (3) elevators on the east elevation that service the parking garage and the 11th and 12th floors, running from the basement up to the 12th floor. (Para. 11)

d. During the relevant time period, Defendant Ava's was serving as the general contractor for construction and related activity on the 11th floor of the Subject Property. (Para. 12)

e. Upon information and belief, Ava's engaged Andrew Lapinski, d/b/a Lapinski Construction ("Lapinski"), as the demolition sub-contractor and Lapinksi then engaged Defendant Logan as its subcontractor. (Para. 13).

f. Upon information and belief, on or about May 18, 2020, demolition workers employed and/or subcontracted by Defendants, cut a copper water supply pipe located on the 11th floor commercial space causing a significant amount of water to be discharged. (Para. 14)

g. Defendants individually and collectively failed to ensure that the water supply had been turned off prior to cutting the copper water supply pipe and causing the discharge. (Para. 15)

h. The water discharge flowed into the elevator bank located at the Subject Property which consisted of three independent bays, rendering each of them inoperable. (Para. 16)

i. As a result of the damage, North American Elite, pursuant to its applicable policy of insurance, was required to pay, and has paid, for the damages to the property incurred by Interpark Holdings LLC, in the amount of $238,588.37. (Para. 17)

    j.    By making payments under its policy, North American Elite became subrogated to all causes of action its insured may have against Defendants. (Para. 18)

    k.    In addition to North American Elite's subrogated claim, Plaintiff, Interpark Holdings, sustained uninsured damages of $50,000 in connection with their deductible pursuant to their policy with North American Elite. (Para. 19)

13.    The complaint in the North American Elite action alleges that Ava's, Lapinski and Logan each owed a duty to exercise reasonable care in performing and overseeing the construction and demolition activity on the 11th floor of the Subject Property, and that the Defendants in that action breached their respective duties of reasonable care.  (Paras. 22 and 23)

## The Great Lakes Policy

14.    Great Lakes issued Policy No. GLSP007883 to named insured Joshua Logan for the policy period from August 13, 2019 to August 13, 2020 (the "Policy").

15.    The Policy contains the following Insuring Agreement and Definitions:

> ***COMMERCIAL GENERAL LIABILITY COVERAGE FORM***
>
> *Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.*
>
> *Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance. The word "insured" means any person or organization qualifying as such under Section **II** - Who Is An Insured.*

*Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** - Definitions.*

**SECTION I - COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        (1)  The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

        (2)  Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

    b.  This insurance applies to "bodily injury" and "property damage" only if:

        (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    *(2)*  *The "bodily injury" or "property damage" occurs during the policy period; and*

    *(3)*  *Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.*

  *c.*  *"Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.*

  *d.*  *"Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:*

    *(1)*  *Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;*

    *(2)*  *Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or*

> **(3)** *Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.*
>
> **e.** *Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".*
> . . . .

**SECTION V – DEFINITIONS**

*. . . .*

*13.   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*
*. . . .*

*17.   "Property damage" means:*

> **a.** *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*
>
> **b.** *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

> *For the purposes of this insurance, electronic data is not tangible property.*
>
> *As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.*

16. The Classification and Premium section of the Policy's Commercial General Liability Coverage Part Declarations states the following:

*CLASSIFICATION AND PREMIUM*

| | | | | Rate | | Advance Premium | |
|---|---|---|---|---|---|---|---|
| *Prem No.* | *Class Code* | *Description Of Hazards/ Insured Classification(s)* | *\*Premium Basis/Exposure* | *Products-Comp Ops* | *All Other* | *Products-Comp Ops* | *All Other* |
| 01. | 91560 | Concrete Construction | P) 5200 | INCL | 58.82 | INCL | 550 |
| 01. | 91342 | Carpentry | If Any | INCL | INCL | INCL | INCL |

17. **CLASSIFICATION LIMITATION**

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

*This insurance applies only to "bodily injury", "property damage", "personal or advertising injury" and medical expenses arising out of only those operations listed and described in the CLASSIFICATION AND PREMIUM section of the COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS.*

18. The Policy contains the following exclusion for Contractual Liability:

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
. . . .
2. *Exclusions*

   *This insurance does not apply to:*
   . . . .
   b. **Contractual Liability**

   "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

   *(1)* That the insured would have in the absence of the contract or agreement; or

   *(2)* Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and

*necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:*

*(a)   Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and*

*(b)   Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.*

19.   The Policy contains the following Contractual Liability Limitation:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### *CONTRACTUAL LIABILITY LIMITATION*

*This endorsement modifies insurance provided under the following:*

*COMMERCIAL GENERAL LIABILITY COVERAGE PART*
*PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART*

*The definition of "insured contract" in the DEFINITIONS Section is replaced by the following:*

*"Insured contract" means:*

*a.   A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract":*

*b.   A sidetrack agreement:*

*c.   Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;*

*d.   An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;*

*e.   An elevator maintenance agreement.*

20.   Lapinski is named as an additional insured in the following Additional Insured – Owners, Lessees Or Contractors – Scheduled Persons Or Organization endorsement:

***THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.***

***ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - SCHEDULED PERSON OR ORGANIZATION***

*This endorsement modifies insurance provided under the following:*

*COMMERCIAL GENERAL LIABILITY COVERAGE PART*

***SCHEDULE***

| Name Of Additional Insured Person(s) Or Organization(s) | Location(s) Of Covered Operations |
|---|---|
| *Lapinksi Construction*<br>*204 Edwin Avenue*<br>*SCOTTDALE PA 15683* | *All jobsite locations of the Named Insured* |
| *Information required to complete this Schedule, if not shown above, will be shown in the Declarations.* ||

> **A.** **Section II - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> **1.**     *Your acts or omissions; or*
>
> **2.**     *The acts or omissions of those acting on your behalf;*
>
> in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.
>
> However:
>
> **1.**     *The insurance afforded to such additional insured only applies to the extent permitted by law; and*
>
> **2.**     *If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such*

>   *additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.*
>
>   **B.**   *With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:*
>
>   *This insurance does not apply to "bodily injury" or "property damage" occurring after:*
>
>   >   *1.   All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or*
>   >
>   >   *2.   That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.*

21.   The Policy contains the following Other Insurance provision, including the method of sharing coverage with other insurers:

>   ***SECTION IV- COMMERCIAL GENERAL LIABILITY CONDITIONS***
>   *. . . .*
>   ***Other Insurance***
>   *If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:*
>   **a.**   ***Primary Insurance***
>   >   *This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary.  Then, we will share with all that other insurance by the method described in Paragraph **c.** below.*
>   
>   **b.**   ***Excess Insurance***
>   >   **(1)**   *This insurance is excess over:*
>   >   >   **(a)**   *Any of the other insurance, whether primary, excess, contingent or on any other basis:*

     **(i)**  *That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";*
     **(ii)**  *That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;*
     **(iii)**  *That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or*
     **(iv)**  *If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section **I** - Coverage **A** - Bodily Injury And Property Damage Liability.*
    **(b)**  *Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured.*
  **(2)**  *When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.*
  **(3)**  *When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:*
    **(a)**  *The total amount that all such other insurance would pay for the loss in the absence of this insurance; and*
    **(b)**  *The total of all deductible and self-insured amounts under all that other insurance.*
  **(4)**  *We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.*

 **c.**  **Method Of Sharing**
   *If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.*

   *If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.*

## IV.  FIRST CLAIM FOR RELIEF – DECLARATORY JUDGMENT

22. Plaintiff re-alleges each and every allegation contained in the above paragraphs of this Complaint, as if fully stated.

23. By letter dated December 18, 2020 to its insured Logan, Great Lakes denied any obligation to provide coverage for the Interpark claim because Logan's demolition operations at issue in the claim were not the operations to which the Great Lakes Policy's coverage is limited under the Classification Limitation, and further denied any obligation to provide coverage to Logan for a tender of coverage on behalf of Lapinski because the Contractual Liability Exclusion applies and excludes coverage for such obligations.

24. Erie Insurance, the insurer for Lapinski, sent a demand letter dated September 8, 2020 to the attention of James Smith, International Programs Group, the third-party administrator for Great Lakes, seeking coverage for defense and indemnification for the claim asserted by Interpark Holdings LLC.

25. By letter dated December 18, 2020, Great Lakes denied the tender from Erie Insurance on behalf of Lapinski for defense and indemnification, stating that the demolition operations at issue in the Interpark claim are not the operations to which the Great Lakes Policy's coverage is limited under the Classification Limitation.

26. By letter dated March 24, 2022, Great Lakes notified its insured Logan that it is providing a defense to the North American Elite Action under a Reservation of Rights to deny coverage for indemnification and to withdraw the defense should it be determined in a legal action that Great Lakes owes no coverage.

27. By letter dated March 24, 2022, Great Lakes notified counsel for Lapinski that it has accepted the tender and would provide a defense to Lapinski on a shared basis with other

insurers and under a Reservation of Rights to deny coverage for indemnification and to withdraw the defense should it be determined in a legal action that Great Lakes owes no coverage for the North American Elite Action.

28. The North American Elite Action alleges that Ava's engaged Lapinski as a subcontractor to perform demolition work, and that the damages resulted from a copper pipe being cut as part of the demolition.

29. Demolition operations and the removal of a metal water pipe are not included within the Policy's Classifications and accordingly, the claim is not within the coverage of the Policy as limited by the Classification Limitation.

30. Great Lakes has no obligation to provide coverage for any claims by the General Contractor or any other party for contractual defense and indemnification under the Contractual Liability Exclusion.

31. The Contractual Liability Exclusion does not apply to an "insured contract", however, any contract, subcontract or indemnification agreement between Lapinski and the General Contractor would not be an "insured contract", as defined in the Policy's Contractual Liability Limitation.

32. Great Lakes has no obligation to provide coverage under the Additional Insured Endorsement, if or to the extent that the damages or injury were not caused in whole or part by the acts or omissions of Logan or someone acting on his behalf in the performance of the ongoing operations for Lapinski.

33. The claims and the allegations in the North American Elite Action fall outside of the Policy's insured Classifications for "Concrete Construction" and "Carpentry" and consequently there is no coverage for the alleged claims and the North American Elite Action.

WHEREFORE, plaintiff demands judgment declaring that it owes no coverage for defense and indemnification for the claims alleged in the North American Elite Action or for the claims asserted by any and all parties to this action, plus an award of all costs, recoverable fees, interest, and such other award as the Court deems just and proper.

Dated:  May 2, 2022                          FLEISCHNER POTASH LLP

                                             By:    */s/ Gil M. Coogler*

                                             Gil M. Coogler
                                             Pa. Attorney Id. No.: 35726
                                             Attorneys for Plaintiff
                                             GREAT LAKES INSURANCE SE
                                             45 Broadway – 23rd Floor
                                             New York, New York 10006
                                             Ph: 646-520-4200
                                             Email: gcoogler@fp.law
                                             Our File No.: 488-22785